UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN MORRIS (#352802)

VERSUS                                                    CIVIL ACTION

STATE OF LOUISIANA, ET AL                                 NUMBER 08-755-JVP-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 25, 2008.

DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KEVIN MORRIS (#352802)

VERSUS                                                              CIVIL ACTION

STATE OF LOUISIANA, ET AL                          NUMBER 08-755-JVP-DLD

### MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Winn Correctional Center, Winnfield, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Henry Goines and Pitrilla Pitrie. Plaintiff alleged that he was denied the opportunity to earn good time credits in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful,

fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that between 1994 and 1999 while serving a five year sentence for aggravated battery in Allen Correctional Center, Kinder, Louisiana, he was denied the opportunity to earn good time credits. Plaintiff alleged that Pitrie told him that in accordance with LSA-R.S. 15:571.3(d) he was prohibited from earning good time credits because his offense was committed while on probation as a juvenile. Plaintiff alleged that denial of diminution of sentence violated his due process and equal protection rights. Plaintiff conceded that he completed his five year sentence on May 20, 1999. Plaintiff sought monetary damages or a 30 month reduction of his current unrelated sentence.

First, under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra.* Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff filed this action on November 19, 2008. Therefore, any claims the plaintiff had against these defendants regarding acts which occurred between 1994 and 1999 have prescribed.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, _November 25_, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE